# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **LACEY AND RODNEY NEWMAN** | : | Case No. _____ |
| 11520 Olde Gate Drive | : | |
| Springdale, Ohio 45246 | : | Judge _____ |
| | : | |
| Plaintiffs, | : | |
| | : | **COMPLAINT WITH JURY DEMAND** |
| v. | : | |
| | : | |
| **PEDIATRIC PRODUCTS, LLC** | : | |
| 2975 Exon Avenue | : | |
| Cincinnati, Ohio 45241 | : | |
| | : | |
| *Also serve:* | : | |
| Randy Paulson (Statutory Agent) | : | |
| 10679 McSwain Drive | : | |
| Cincinnati, Ohio 45241 | : | |
| | : | |
| **RANDY PAULSON** | : | |
| 10467 Brentmoor Drive | : | |
| Loveland, Ohio 45140 | : | |
| | : | |
| and | : | |
| | : | |
| **JOHN DOE (Name Unknown)** | : | |
| | : | |
| Defendants. | : | |

This is an action by Plaintiffs Lacey and Rodney Newman against Defendants Pediatric Products, LLC ("Pediatric Products"), its owner Randy Paulson ("Paulson"), and an unidentified co-conspirator John Doe ("Doe")(collectively, "Defendants"), for violations of Title VII of the Civil Rights Act of 1991, Ohio Rev. Code § 4112.02 *et seq.*, and related Ohio claims for defamation, intentional infliction of emotional distress, invasion of privacy, and civil conspiracy.

1

## PARTIES

1. Plaintiffs Lacey Newman and Rodney Newman are a married couple and United States citizens, residing at 11520 Olde Gate Drive, Springdale, Ohio 45246.

2. Defendant Pediatric Products, LLC is an Ohio limited liability company, with its principal place of business located at 2975 Exon Avenue, Cincinnati, Ohio 45241.

3. At all times relevant to this action, Pediatric Products is and has been an employer within the meaning of 42 U.S.C. § 2000e-(b) and O.R.C. § 4112.01(A)(2).

4. Defendant Randy Paulson is the President and sole owner of Pediatric Products, LLC, and resides at 10467 Brentmoor Drive, Loveland, Ohio 45140.

5. Paulson, as Lacey Newman's supervisor and a person acting directly or indirectly in the interests of Pediatric Products, is also an employer as defined under O.R.C. §4112.01(A)(2).

6. Defendant John Doe (real name and identity unknown) is an individual whom, upon information and belief, resides in the State of Ohio.

## JURISDICTION AND VENUE

7. This action arises under the statutes of the United States for violation of Title VII, 42 U.S.C. 2000(e), *et seq.* and related Ohio state law claims.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under a Federal statute.

9. This Court has supplemental jurisdiction over Plaintiffs' Ohio state law claims, as the claims are so related to the federal claims that they form part of the same case or controversy. 28 U.S.C. § 1367.

10. Defendants Pediatric Products and Randy Paulson are subject to personal jurisdiction in the State of Ohio because they transact business and employ a significant number

of employees within the State of Ohio. Additionally, the unlawful acts by Defendants giving rise to this action took place in Ohio.

11. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1391 because Defendants conduct business within this District in the State of Ohio, and the acts giving rise to the claims for relief set forth in this Complaint took place within this District in the State of Ohio.

**BACKGROUND AND FACTS APPLICABLE TO ALL CAUSES OF ACTION**

12. Lacey Newman was employed by Pediatric Products from August 16, 2016, until approximately December 10, 2018.

13. Throughout her employment, Lacey Newman held the position of Office Manager.

14. Lacey Newman performed well in this role, and was a loyal and conscientious employee of Pediatric Products.

15. At all relevant periods throughout this Complaint, Lacey Newman was supervised by Pediatric Products owner and President, Randy Paulson. Lacey Newman also reported to Pediatric Products Vice President, Roni Williams.

16. Beginning in or about April 2018, Lacey Newman and her husband Rodney Newman separated for a short period in an effort to work on their marriage.

17. The Newmans reconciled their marriage following this short separation, and moved back in together in or about June 2018.

18. Beginning in or about July 2018 and continuing through November 2018, Paulson, with knowledge of the Newmans' separation and recent reconciliation, sought to break up the Newmans' marriage in order to develop an unwanted sexual relationship with Lacey Newman.

19. In order to fulfill his objective, Paulson engaged in a months-long scheme to make false allegations to Lacey Newman that her husband Rodney Newman was having an extramarital affair.

20. In order to hide his identity in the scheme, Paulson enlisted the assistance of a friend whom he used to business coach, John Doe (real name and identity unknown).

21. Paulson and Doe's scheme involved numerous actions directed at Lacey Newman, including anonymous and harassing telephone calls to Lacey Newman regarding the purported affair, sending anonymous hallmark cards to Lacey Newman's place of employment directed to her husband (and purporting to be from another woman), manufacturing a false story about an individual contacting Paulson to inform Paulson of Rodney Newman's ongoing affair (which Paulson then conveyed to Lacey Newman), and delivering anonymous, profanity-laced and threatening letters to Lacey Newman, demanding that Lacey "tell your f***ing husband to stay away from my woman."

22. Lacey reported the harassing actions to Pediatric Products, including initially to Roni Williams and later to Paulson. Unbeknownst to Lacey Newman at the time, however, it was Paulson who was behind the harassing actions.

23. In November 2018, in response to the continued threats and harassment, the Newmans initiated a criminal complaint with the Evendale Police Department.

24. The Evendale Police conducted an investigation into the reported harassment, including interviews with the Newmans initially, and then a video-recorded interview with Paulson.

25. In Paulson's video-recorded interview with Evendale police, he initially conveyed the same falsified stories he had conveyed to Lacey Newman.

26. However, upon further questioning by the investigating officer, and after a request from Paulson that the officer not use his name in the investigation, Paulson then confessed having been the individual behind the harassment directed toward Lacey Newman.

27. Paulson additionally confessed that he engaged in such actions with the intent of causing a rift in the Newmans' marriage so that he could develop a romantic relationship with Lacey Newman.

28. Evendale police then informed Lacey Newman that they had concluded their investigation, and found that Paulson was behind the harassing actions.

29. After Lacey Newman was informed that Paulson was behind the harassing acts, she took a leave of absence from her employment, given her intolerable work conditions.

30. In December 2018, Lacey Newman attempted to return to Pediatric Products, but Paulson continued to raise his admitted actions with Lacey, including informing her that he had enlisted a friend he used to business coach (Doe) to assist him in the acts.

31. Paulson informed Lacey Newman that he engaged in such acts because he felt that Lacey's husband was "dragging her down" and that her work performance had suffered because of it.

32. After being informed of this, Lacey Newman took an extended leave of absence from Pediatric Products, and her employment was eventually terminated when she did not return.

33. Following her termination, Lacey Newman filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 4, 2019.

34. In an effort to preserve their state claims while the EEOC charge remained pending, on June 14, 2019 the Newmans filed a civil action in the Court of Common Pleas of Hamilton County against Paulson and Doe, Case No. A190293 (the "State Complaint").

35. The State Complaint included claims for defamation, intentional infliction of emotional distress, invasion of privacy—false light, invasion of privacy—intrusion upon seclusion, and civil conspiracy.

36. Following its investigation, the EEOC found reasonable cause to believe that Pediatric Products had engaged in unlawful discrimination, and issued Lacey Newman a Notice of Right to Sue on August 20, 2020 with such findings. A true and accurate copy of the Notice of Right to Sue is attached as **Exhibit A**.

37. In an effort to consolidate the Newmans claims in the State Complaint with Lacey Newman's Title VII claims, the Newmans dismissed their State Complaint without prejudice on November 11, 2020. A true and accurate copy of the Notice of Dismissal without Prejudice is attached as **Exhibit B**.

38. Ohio's Savings Statute, O.R.C. § 2305.19, permits a plaintiff to refile a lawsuit which was dismissed other than on the merits within one year of the dismissal. This includes for claims on which the statute of limitations has run. *See Hunter v. Rhino Shield*, 2019 U.S. Dist. LEXIS 166623 at *16 (Sep. 25, 2019) citing *Fuller v. Cuyahoga Metro. Hous. Auth.*, 334 F. App'x 732, 737 (6th Cir. 2009)("By its terms the Ohio Saving statute allows a plaintiff who voluntarily dismisses an action after the statute of limitations has run to refile the action within one year of dismissal.").

## COUNT ONE: HOSTILE WORK ENVIRONMENT, TITLE VII
**Against Pediatric Products**

39. Plaintiffs restate each and every claim set forth above as if fully rewritten herein.

40. Plaintiff Lacey Newman, as a female, is a member of a protected class.

41. Plaintiff was subjected to harassment by Pediatric Products and Paulson, including through the anonymous and harassing phone calls, hallmark cards, and letters delivered to Lacey Newman.

42. Paulson engaged in these actions based upon Plaintiff's sex, including with the admitted intent of developing an unwanted sexual relationship with Plaintiff.

43. Paulson's actions had the effect of unreasonably interfering with Plaintiff's work performance, which began to suffer in 2018 as the acts continued.

44. Paulson's actions created a work environment which was intimidating, hostile, and offensive to a reasonable person.

45. Paulson's actions made Plaintiff's work conditions so intolerable that any reasonable person would have felt compelled to resign and/or not return to work.

46. Because Paulson was a supervisor of Plaintiff and his actions culminated in Plaintiff being forced to leave her employment, Pediatric Products is subject to liability for his acts.

47. Pediatric Products and Paulson committed the above-referenced discriminatory acts with malice and/or reckless indifference to the rights of Plaintiff.

### COUNT TWO: HOSTILE WORK ENVIRONMENT, O.R.C. §4112.99
**Against Pediatric Products and Randy Paulson**

48. Plaintiff restates each and every claim set forth above as if fully rewritten herein.

49. For all of the reasons set forth in Count I of this Complaint, Plaintiff was also subjected to an actionable sexually hostile work environment at Pediatric Products based on her gender pursuant to O.R.C. § 4112.02, as that section is enforced through O.R.C. § 4112.99.

50. As Plaintiff's supervisor and the owner and president of Pediatric Products, Paulson is an employer under O.R.C. § 4112.02 and thus individually liable for his harassing actions directed toward Plaintiff.

51. Additionally, the actions of Pediatric Products and Paulson demonstrate malice and/or aggravated or egregious fraud, thus entitling Plaintiff to punitive damages.

## COUNT THREE: DEFAMATION
**Against Paulson and Doe**

52. Plaintiffs restate each and every claim set forth above as if fully rewritten herein.

53. Acting in concert, Paulson and Doe intentionally created a false story that Plaintiff Rodney Newman was having an affair with another woman, including through anonymous phone calls, a birthday card, letters, and false stories regarding the affair.

54. Paulson and Doe intentionally communicated this false affair story to others, including Rodney Newman's spouse (Lacey Newman), and Roni Williams, Pediatric Products Vice President.

55. These false statements were not only made in a negligent manner, but were made with the malicious intent to create a rift in the Newmans' marriage in order to allow Paulson to pursue an unwanted romantic relationship with his subordinate employee, Lacey Newman.

56. Paulson's and Doe's false statements were defamatory per se, in that they reflected injuriously on Rodney Newman's reputation as a husband and father, and exposed Rodney Newman to public hatred, contempt, ridicule, shame or disgrace.

57. Additionally, the actions of Paulson and Doe demonstrate malice and/or aggravated or egregious fraud, thus entitling Rodney Newman to punitive damages.

## COUNT FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**Against Paulson and Doe**

58. Plaintiffs restate each and every claim set forth above as if fully rewritten herein.

59. In creating the false affair story and conveying the same to Lacey Newman and others, Paulson and Doe intended to and did cause serious emotional distress to the Newmans,

60. Paulson and Doe also knew or should have known that the actions taken would result in serious emotional distress to the Newmans.

61. Paulson and Doe's conduct was extreme and outrageous, and went beyond all possible bounds of decency such that it is considered utterly intolerable in a civilized community.

62. The mental anguish suffered by the Newmans is serious and of a nature that no reasonable person could be expected to endure it.

63. Additionally, the actions of Paulson and Doe demonstrate malice and/or aggravated or egregious fraud, thus entitling the Newmans to punitive damages.

### COUNT FIVE: INVASION OF PRIVACY—FALSE LIGHT
**Against Paulson and Doe**

64. Plaintiffs restate each and every claim set forth above as if fully rewritten herein.

65. In creating the false affair story and conveying the same to Mrs. Newman, Paulson and Doe gave publicity to a matter concerning Mr. Newman that placed Mr. Newman before the public in a false light.

66. The false light in which Mr. Newman was placed would be highly offensive to a reasonable person.

67. Paulson and Doe acted with knowledge of or acted in reckless disregard as to the falsity of the publicized matter, and the false light in which Mr. Newman would be placed.

68. Additionally, the actions of Paulson and Doe demonstrate malice and/or aggravated or egregious fraud, thus entitling Mr. Newman to punitive damages.

### COUNT SIX: INVASION OF PRIVACY—INTRUSION UPON SECLUSION
**Against Paulson and Doe**

69. Plaintiffs restate each and every claim set forth above as if fully rewritten herein.

70. In creating the false affair story and conveying the same to Mrs. Newman, Paulson and Doe intentionally intruded upon the solitude or seclusion of the Newmans and their private affairs or concerns.

71. Such an intrusion was an invasion of the Newmans' privacy, and would be highly offensive to a reasonable person.

72. Additionally, the actions of Paulson and Doe demonstrate malice and/or aggravated or egregious fraud, thus entitling the Newmans to punitive damages.

## COUNT SEVEN: CIVIL CONSPIRACY
**Against Paulson and Doe**

73. Plaintiffs restate each and every claim set forth above as if fully rewritten herein.

74. In committing the unlawful actions set forth above, Paulson and Doe combined, conspired and acted in concert and participation with one another to willfully and maliciously (1) create and publish defamatory statements concerning Mr. Newman having an affair; (2) intentionally inflict emotional distress on the Newmans; (3) invade the privacy of Mr. Newman by casting him in a false light; (4) invade the privacy of Mr. Newman and Mrs. Newman by intruding into their private affairs; and (5) act wrongfully in an attempt to create a rift in the Newmans' marriage such that Paulson could develop an unwanted romantic relationship with Mrs. Newman.

75. As a result of the civil conspiracy, Paulson and Doe are jointly and severally liable for all claims raised, including all claims for economic and non-economic damages, punitive damages, and attorney's fees.

WHEREFORE, having set forth their claims against the Defendants, Plaintiffs Lacey and Rodney Newman pray for the following relief against the Defendants:

A. As to Count One, enter a judgment in favor of Plaintiff Lacey Newman and against Defendant Pediatric Products in an amount to be determined at trial, including for lost

wages, lost benefits, reinstatement or front pay in lieu thereof, compensatory damages, punitive damages, pre and post judgment interest, attorney's fees and costs, and all other relief to which Plaintiff is entitled;

B. As to Count Two, enter a judgment in favor of Plaintiff Lacey Newman and against Defendants Pediatric Products and Randy Paulson in an amount to be determined at trial, including for lost wages, lost benefits, reinstatement or front pay in lieu thereof, compensatory damages, punitive damages, pre and post judgment interest, attorney's fees and costs, and all other relief to which Plaintiff is entitled;

C. As to Counts Three and Five, enter a judgment in favor of Plaintiff Rodney Newman and against Defendants Randy Paulson and John Doe in an amount to be determined at trial, including for economic loss, reputational damage, compensatory damages, punitive damages, pre and post judgment interest, attorney's fees and costs, and all other relief to which Plaintiff is entitled.

D. As to Count Four, enter a judgment in favor of Plaintiff Lacey Newman and against Defendants Randy Paulson and John Doe in an amount to be determined at trial, including for economic loss, compensatory damages, punitive damages, pre and post judgment interest, attorney's fees and costs, and all other relief to which Plaintiff is entitled.

E. As to Count Six and Seven, enter a judgment in favor of Plaintiffs Lacey Newman and Rodney Newman and against Defendants Randy Paulson and John Doe in an amount to be determined at trial, including for economic loss, compensatory damages, punitive damages, pre and post judgment interest, attorney's fees and costs, and all other relief to which Plaintiffs are entitled.

F. All other legal or equitable relief that the Court deems warranted.

Respectfully submitted,

/s/ Joshua M. Smith
Joshua M. Smith (0092360)
STAGNARO, SABA
& PATTERSON CO., L.P.A.
2623 Erie Ave.
Cincinnati, OH 45208
(513) 533-6715
jms@sspfirm.com
**Attorney for Plaintiffs**

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a jury on all issues triable to a jury.

Respectfully submitted,

/s/ Joshua M. Smith
Joshua M. Smith (0092360)