# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**LACEY AND RODNEY NEWMAN,**

    *Plaintiffs,*

v.

**PEDIATRIC PRODUCTS, LLC,** *et al.***,**

    *Defendants.*

Case No. 1:20-cv-926

Judge Douglas R. Cole

## RULE 26(f) REPORT OF PARTIES

**(to be filed no later than seven days prior to the preliminary pretrial conference)**

    1.    Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on <u>March 24, 2021</u>, and was attended by:

<u>Joshua Smith</u>, counsel for plaintiff(s) <u>Lacey Newman</u>,

<u>Joshua Smith</u>, counsel for plaintiff(s) <u>Rodney Newman</u>,

_____, counsel for plaintiff(s) _____,

<u>Hallie S. Borellis</u>, counsel for defendant(s) <u>Pediatric Products, LLC</u>,

<u>Hallie S. Borellis</u>, counsel for defendant(s) <u>Randy Paulson</u>,

_____, counsel for defendant(s) _____,

2. The parties:

_____ have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

  X    will exchange such disclosures by <u>April 9, 2021</u>             .

_____ are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3. The parties:

_____ unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

  X    do not unanimously consent to the jurisdiction of the United States Magistrate Judge  pursuant to 28 U.S.C. § 636(c).

_____ unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), <u>for trial purposes only,</u> in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings: <u>April 30, 2021</u>

5. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: <u>April 16, 2021</u>

6. Recommended discovery plan:

   a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (i) make a settlement evaluation, (ii) prepare for case dispositive motions, and (iii) prepare for trial: <u>The parties previously engaged in discovery, including written discovery and four depositions, in Hamilton County Court of Common Pleas Case No. A1902931 on Plaintiffs' claims for defamation, intentional infliction of emotional distress, invasion of privacy claims, and Plaintiffs' civil conspiracy claims.  Those claims have been refiled in this case, with the addition of Plaintiffs' Title VII claim and O.R.C. 4112.99 claim (Counts One and Two).  Defendants anticipate seeking discovery regarding Counts One and Two, and supplementation of the discovery conducted in the Hamilton County case, including, but not limited to, additional information relating to Plaintiffs' alleged damages and Plaintiffs' efforts to mitigate damages.</u>

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitations of 10 depositions, each lasting no more than one day consisting of seven (7) hours?
No changes anticipated at this time.

c. Additional recommended limitations on discovery:
None.

d. Recommended date for the disclosure of lay witnesses:
August 1, 2021

e. Describe the areas in which expert testimony is expected and indicate whether each expert had been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).
Defendants expect to obtain expert testimony relating to Plaintiffs claimed emotional distress damages. At this time, Defendants have not yet identified or retained such an expert. Plaintiffs expect to provide expert testimony relating to Plaintiff's emotional distress, and psychological diagnoses resulting from her claims.

f. Recommended date for disclosure and report of Plaintiff(s) expert(s):

July 1, 2021

g. Recommended date for disclosure and report of Defendant(s) expert(s):
August 1, 2021

h. Recommended date for disclosure and report of rebuttal expert(s):
September 1, 2021

i. Discovery of Electronically Stored Information: The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced.

_____Yes

__X__ No

  i. The parties have electronically stored information in the following formats:
<u>Emails, PDFs, video, and spreadsheets</u>

  ii. The case presents the following issues relating to disclosure, discovery or preservation of electronically stored information, including the form or forms in which it should be produced:
<u>No issues anticipated</u>

j. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

  \_\_\_\_\_ Yes

  \_X\_ No

  i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:
<u>None anticipated</u>

  ii. Have the parties agreed on a procedure to assert such claims **AFTER** production?

  \_X\_ No

  \_\_\_\_\_ Yes

  \_\_\_\_\_ Yes, and the parties ask that the Court include their agreement in an order.

7. Recommended discovery cut-off date: <u>October 8, 2021</u>

8. Recommended dispositive motion date: <u>November 12, 2021</u>

9. Recommended date for status conference (if any): <u>May 3, 2021</u>

10. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

    <u>Defendants and Plaintiffs are agreeable to considering mediation after initial written discovery has been exchanged.</u>

11. Recommended date for a final pretrial conference: <u>December 15, 2021</u>

12. Has a settlement demand been made? <u>No, not since this case has been filed.</u> A response? <u>No</u>

    Date by which a settlement demand can be made: <u>Plaintiffs anticipate providing an updated demand following the exchange of initial written discovery</u>

    Date by which a response can be made: <u>Within two weeks of receiving a demand.</u>

13. Other matters pertinent to the scheduling or management of this litigation:

    _____
    _____
    _____

Signatures:

| Attorney for Plaintiffs Lacey and Rodney Newman: | Attorneys for Defendants Pediatric Products, LLC and Randy Paulson: |
|---|---|
| /s/ *Joshua Smith*, Trial Attorney<br>(authorization given via email 3/24/21)<br>Joshua Smith (0092360)<br>STAGNARO, SABA & PATTERSON CO., L.P.A.<br>2623 Erie Avenue<br>Cincinnati, Ohio 45208<br>Phone: (513) 533-6715<br>Fax: (513) 533-2999<br>jms@sspfirm.com | /s/ *Hallie S. Borellis*, Trial Attorney<br>James Papakirk (0063862)<br>Hallie S. Borellis (0076510)<br>Charles E. Rust (0097224)<br>FLAGEL & PAPAKIRK LLC<br>50 E-Business Way, Suite 410<br>Cincinnati, OH  45241<br>Phone:  513-984-8111<br>Fax:  513-984-8118<br>jpapakirk@fp-legal.com<br>hborellis@fp-legal.com<br>cerust@fp-legal.com |