# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **LACEY AND RODNEY NEWMAN**, *Plaintiffs,* v. **PEDIATRIC PRODUCTS, LLC**, *et al.*, *Defendants.* | Case No. 1:20-cv-926 Judge Douglas R. Cole |

## DEFENDANTS' MOTION *IN LIMINE* REGARDING ATTORNEY'S FEES

Now come Defendants Pediatric Products, LLC and Randy Paulson (collectively "Defendants"), by and through counsel, and respectfully move this Court for an Order precluding Plaintiffs from requesting, arguing, or introducing at trial or in any proceeding any information related to attorney's fees and costs allegedly incurred by Plaintiffs in connection with this action. Plaintiffs have requested attorney's fees and costs in their Complaint and have otherwise suggested they intend to seek such fees and costs in this action; however, Plaintiffs have not complied with this Court's Standing Order I(B)(7), which requires a party claiming an award of attorney's fees to submit statements to the opposing parties every three months, beginning three months after the complaint is filed. This motion is supported by the attached memorandum and the Affidavit of Hallie S. Borellis (attached as *Exhibit A*).

Respectfully Submitted,

*/s/ Hallie S. Borellis*
James Papakirk (0063862)
Hallie S. Borellis (0076510)

Charles E. Rust (0097224)<br>
FLAGEL & PAPAKIRK, LLC<br>
50 E Business Way, Suite 410<br>
Cincinnati, Ohio 45241<br>
(513) 984-8111<br>
FAX: (513) 984-8118<br>
jpapakirk@fp-legal.com<br>
hborellis@fp-legal.com<br>
cerust@fp-legal.com<br>
*Counsel for Defendants Pediatric Products,*<br>
*LLC and Randy Paulson*

**MEMORANDUM**

I. **INTRODUCTION**

Defendants anticipate that Plaintiffs may attempt to request, argue, or otherwise attempt to present information and evidence in furtherance of their prayer for an award of attorney's fees and costs incurred in this case. (*See* Doc. 1). However, Plaintiffs should not be permitted to do so because they have not complied with Standing Order I(B)(7), which requires a party claiming an award of attorney's fees to submit statements showing the total gross amount of attorneys' fees incurred and number of hours expended in the matter to the opposing parties every three months. In fact, Plaintiffs have not submitted any statements of attorney's fees and costs to Defendants in compliance with the Standing Order at any juncture in this case. *See Ex.* A, Affidavit of Hallie S. Borellis at ¶ 4. Therefore, Plaintiffs have waived their right to claim an award of attorney's fees and costs and should be precluded from requesting, arguing, or otherwise attempting to present information or evidence at trial or in any proceeding regarding the same.

II. **LAW AND ARGUMENT**

"Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize the Court to rule on an evidentiary motion *in limine*, the United States Supreme Court has noted that the practice of ruling on such motions 'has developed pursuant to the district court's inherent authority to manage the course of trials.'" *Morrison v. Stephenson*, No. 2:06-cv-283, 2008 U.S. Dist. LEXIS 19242, at *1-2 (S.D. Ohio Mar. 3, 2008), quoting *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984) (copy attached as *Exhibit B*). "The purpose of a motion *in limine* is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial." *Id.,* citing *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). The moving party must show that the evidence in question is clearly inadmissible. *Id.*

In the case at bar, Plaintiffs included an award of "attorney's fees and costs" in their prayer for relief (Doc. 1) and it is expected they will attempt to request, argue, or otherwise attempt to present information in connection with that prayer for relief at trial or at any proceeding in this matter. However, Plaintiffs did not comply with Standing Order I(B)(7), requiring them to submit statements to the Defendants every three months. The language of the Standing Order specifically provides that "[f]ailure to provide timely statements under this provision may be considered a release of the opposing party from the payment of such fees." Accordingly, Defendants contend that Plaintiffs' failure to comport with the aforementioned requirements constitutes a waiver of any claim they might have asserted for attorney's fees and costs. Therefore, any evidence relating to such

3

a claim lacks probative value and Plaintiffs should be precluded from requesting, arguing or attempt to present such information or evidence of the same at trial or any other proceeding.

### III. CONCLUSION

In consideration of the foregoing, Defendants respectfully request the Court issue an Order precluding Plaintiffs from requesting, arguing, or attempting to present information or any evidence pertaining to Plaintiffs' attorney's fees and costs in this matter.

Respectfully Submitted,

*/s/ Hallie S. Borellis*
James Papakirk (0063862)
Hallie S. Borellis (0076510)
Charles E. Rust (0097224)
FLAGEL & PAPAKIRK, LLC
50 E Business Way, Suite 410
Cincinnati, Ohio 45241
(513) 984-8111
FAX: (513) 984-8118
jpapakirk@fp-legal.com
hborellis@fp-legal.com
cerust@fp-legal.com
*Counsel for Defendants Pediatric Products, LLC and Randy Paulson*

### CERTIFICATE OF SERVICE

The undersigned counsel for Defendants hereby certifies that the foregoing was filed using the Court's CM/ECF filing system on January 3, 2023 and copy of the same will be automatically circulated to all counsel of record.

*/s/ Hallie S. Borellis*
Hallie S. Borellis